**Raymond E. JONES, M.D., et al., Appellants,**

v.

**M. L. HEADY and Willia Heady, his wife, et al., Appellees.**

Court of Appeals of Kentucky.

April 15, 1977.

Rehearing Denied July 8, 1977.

Frank W. Burke, George S. Schuhmann, Louisville, for appellants.

Joseph C. O'Bryan, O'Bryan & Darnell, Louisville, for appellees.

Before HOWARD, REYNOLDS and VANCE, JJ.

VANCE, Judge.

This appeal presents a novel question as to the admissibility in evidence of out-of-court statements of an employee adverse to the interest of the employer.

The appellant visited appellees' farm to view some cattle in which he had an interest which were being kept by appellees. To gain access to the farm appellant attempted to walk across a cattle guard made of 2 × 6 oak boards suspended on edge above a shallow pit. Appellant fell while attempting to cross the cattle guard and this action was instituted on his claim that the cattle guard contained a hidden defect (in the form of a broken 2 × 6) of which appellee, M. L. Heady, had knowledge and failed to repair or warn of the defect.

At the trial appellant, by objection of appellees, was prevented from relating the substance of statements he said were made at the time and place of the accident by Ernest Day, an employee of appellees. An avowal was made that appellant would testify that Mr. Day said to him that the cattle guard had been broken the day before by a truck and that Day had told appellee Heady that it should be fixed.

The alleged statement of Day clearly related to appellees' knowledge of the hidden defect and testimony by Day that he had informed appellee Heady of the defect would clearly have been admissible. But the appellant, not Day, was the witness and he was attempting to prove Heady's knowledge of the defect with testimony objected to by Heady as hearsay.

■ We think the trial court erred in excluding the testimony. The statement of the employee, if it was actually made and if it was true, would show that appellee, Heady, had knowledge of the defect. The employee, in the course of the trial, denied making the statement. The denial presented a direct conflict on a question of fact and it was a proper fact-finding subject for the jury to determine if the statement was made.

■ The statement, if the jury accepts the fact that it was made, is an admission against the interest of the employer and as such constitutes an exception to the rule against hearsay. A statement made by an employee concerning a matter within the scope of his employment soon after an accident which is against the interest of his employer is inherently trustworthy for the reason that the interest of the employee in continued employment would ordinarily prevent him from making a false statement against the interest of the employer. See *McCormick, Evidence* (2nd Ed. 1972), Section 267.

The advisory committee note to Rule 801(d) 2(D) of the *Rules of Federal Procedure* recognizes a substantial trend favoring admission of statements of employees related to a matter within the scope of employment. See also *Redden & Saltzbury, Federal Rules of Evidence Manual*, p. 260 (1975); *Preston v. Commonwealth*, Ky., 406 S.W.2d 398 (1966).

■ Having decided that it was initially an error to exclude Dr. Jones' testimony as to what the employee allegedly told him, we must face the fact that the employee was called as a defense witness and denied making the statement. Following such a denial Dr. Jones could have taken the witness stand and again offered testimony that the statement was made. *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969).

Appellee contends the failure of appellant to offer the testimony a second time, after it became competent under the rule in *Jett* constituted a waiver of the initial error in excluding the evidence. We do not agree.

Appellant had properly sought to introduce the evidence but it was erroneously excluded. We find no fault in his abiding by the ruling of the trial court.

■ Because our decision will necessitate a new trial we will comment briefly upon two other errors alleged by appellant. The instruction as to appellees' duty should present the duty to exercise ordinary care to discover hidden defects and either repair the same or give adequate warning thereof. We see no error in the instruction on contributory negligence.

■ We do not think the photographs of the cattle guard which were taken after the alleged defect was repaired served any useful purpose and on retrial they should not be admitted in evidence.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.